IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIO A. VALENTI | ) | CIVIL NO. 03-00485 ACK-KSC |
| | ) | |
| Plaintiff, | ) | REPORT OF SPECIAL MASTER |
| | ) | RECOMMENDING THAT |
| vs. | ) | PLAINTIFF'S MOTION FOR |
| | ) | AWARD OF ATTORNEY'S FEES |
| MICHAEL V. ASTRUE, | ) | BE DENIED WITHOUT |
| Commissioner, Social | ) | PREJUDICE AND THAT |
| Security Administration | ) | PLAINTIFF'S REQUEST TO |
| | ) | GRANT MOTION AND ENTER |
| Defendant. | ) | JUDGMENT BE DENIED |
| _____ | ) | |

REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES BE DENIED WITHOUT PREJUDICE AND THAT PLAINTIFF'S REQUEST TO GRANT MOTION AND ENTER JUDGMENT BE DENIED

On June 13, 2008, Plaintiff Mario Valenti ("Plaintiff") filed a Motion for Award of Attorney's Fees ("Motion"). On July 24, 2008, Plaintiff filed a Request to Grant Motion and Enter Judgment ("Request"). Pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.

On May 29, 2008, Plaintiff filed a motion for attorneys' fees which the Court denied for failure to comply with the requirements set forth in Local Rule

54.3. The Court again finds that Plaintiff has failed to comply with Local Rule 54.3.

Local Rule 54.3(b) specifies that a court "will not consider a motion for attorneys' fees and related non-taxable expenses until moving counsel shall first advise the court in writing that, after consultation, or good faith efforts to consult, the parties are unable to reach an agreement." Local Rule 54.3(b). Local Rule 54.3(b) further provides that the "statement of consultation shall be filed and served by the moving party within fourteen (14) days after the filing of the motion." See id. Plaintiff has not submitted a written statement of consultation to the Court in accordance with Local Rule 54.3(b).

Plaintiff argues that the Court should grant the Motion because Defendant has not filed objections and the time to do so has expired. However, Local Rule 54.3(f) states that "any opposing party may file a responsive memorandum with eleven (11) days <u>after service of the statement of consultation</u>." Local Rule 54.3(f) (emphasis added). As such, Defendant could

have, but is not expected to have filed an Opposition.

The Court previously warned Plaintiff that a failure to fully comply with all applicable Local Rules could result in the denial of the Motion with prejudice. Although Plaintiff has not fully complied with the Local Rules, the Court will recommend that the Motion be denied without prejudice. If Plaintiff should refile his Motion and fail to fully comply with the Local Rules as discussed or in any other respect, the Court will recommend denial with prejudice.

Based on the foregoing, the Court, acting as Special Master, HEREBY FINDS and RECOMMENDS that Plaintiff's Motion be DENIED without prejudice and that his Request be DENIED.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, July 28, 2008.

_____
Kevin S.C. Chang
United States Magistrate Judge

CV NO. 03-00485 ACK-KSC; <u>VALENTI V. ASTRUE</u>; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES BE DENIED WITHOUT PREJUDICE AND THAT PLAINTIFF'S REQUEST TO GRANT MOTION AND ENTER JUDGMENT BE DENIED