IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| MARIO A. VALENTI<br><br>Plaintiff,<br><br>vs.<br><br>MICHAEL V. ASTRUE, Commissioner, Social Security Administration<br><br>Defendant. | ) | CIVIL NO. 03-00485 ACK-KSC<br><br>REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES BE GRANTED |

REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES BE GRANTED

On October 23, 2008, Plaintiff Mario Valenti ("Plaintiff") filed a Motion for Award of Attorney's Fees ("Motion") and Statement of Consultation ("SOC"). Defendant has not opposed the Motion.[1] Pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.

After careful consideration of the Motion and

[1] Defendant previously filed a Statement of Position as to Plaintiff's Motion for Award of Attorney's Fees wherein Defendant asserted that as a mere stakeholder, he is not in a position to assent to or object to the request for fees and does not do so.

the supporting memorandum, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT the Motion for the reasons set forth below.

BACKGROUND

On September 12, 2003, Plaintiff commenced this action, appealing the administrative denial of Social Security disability insurance benefits. On February 11, 2005, the district court issued an Order Reversing Administrative Decision and Remanding for Further Proceedings. On February 17, 2005, the Court entered judgment.

On April 5, 2005, Plaintiff filed a motion and application for award of attorneys' fees and costs. On June 17, 2005, this Court issued a Report of Special Master on Plaintiff's Application for Award of Attorneys' Fees and Costs and recommended that Plaintiff be awarded a total of $5,362.79. Plaintiff objected to the Report. On September 19, 2005, the district court issued an Order Adopting in Part and Modifying in Part Report of the Special Master ("Attorneys' Fees Order") and awarded Plaintiff

$10,567.10 in attorneys’ fees and $383.59 in costs.

On February 8, 2008, an Administrative Law Judge issued a partially favorable decision, finding that Plaintiff is “entitled to a period of ‘disability’ from March 16, 1998, but not prior to that date, and to Disability Insurance Benefits under Sections 216(i) and 223, respectively, of the Social Security Act.” See Ex. A to Mem. of P. & A. in Supp. of Application for Award of Att’y’s Fees.

On May 29, 2008, Plaintiff filed a motion for attorneys’ fees which the Court denied for failure to comply with the requirements set forth in Local Rule 54.3. Plaintiff then refiled the motion for attorneys’ fees on June 13, 2008. However, the Court recommended denial again based on Plaintiff’s failure to file a statement of consultation as required by Local Rule 54.3(b). On August 25, 2008, the district court adopted the Court’s recommendation and recommended that Plaintiff refile his motion in accordance with the Local Rules.

DISCUSSION

Plaintiff argues that his attorney, Harvey Sackett, is entitled to a fee of $44,777.75 pursuant to § 406(b) for services rendered before this Court, offset by the district court's previous $10,567.10 award of attorneys' fees under the Equal Access to Justice Act ("EAJA").

Section 406(b)(1)(A) of Title 42 of the U.S. Code provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). Section "406(b) calls for

court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). An agreement that exceeds the "25 percent of the total of the past-due benefits" limitation is unenforceable. Id. The attorney for the successful party is required to show that the requested fee is reasonable for the services rendered. Id. Factors to be considered in determining reasonableness include the attorney's risk of loss, the character and result of representation, whether delays are attributable to the attorney, and the attorney's hours spent representing the client coupled with the attorney's normal hourly billing rate in the context of non-contingent cases. Id. at 805, 808.

In the present case, the Court may authorize an award of fees under § 406(b) because the district court reversed and remanded the case for further proceedings and Plaintiff received past-due benefits as a result. See, e.g., McGraw v. Barnhart, 450 F.3d 493, 503 (10th Cir. 2006); Smith v. Bowen, 815 F.2d 1152, 1155 (7th

Cir. 1987) (en banc); Conner v. Gardner, 381 F.2d 497, 500 (4th Cir. 1967). As such, the Court's analysis will focus on the reasonableness of the contingent-fee agreement with necessary adjustments made to the "attorney's recovery based on the character of the representation and the results the representative achieved." Gisbrecht, 535 U.S. at 808.

A. Contingent-Fee Agreement

In 2005, Plaintiff entered into a contingent-fee agreement with Mr. Sackett, which provides in pertinent part that in the event Plaintiff receives a favorable decision at any time following an unfavorable or partially favorable administrative law judge decision, he will pay his counsel a fee no greater than 25 percent of the past-benefits owed to him. See Ex. C to Mem. of P. & A. in Supp. of Application for Award of Att'y's Fees. The plain language of this agreement conforms to the requirement articulated in § 406(b)(1)(A) that the fees collected by Mr. Sackett not exceed 25 percent of the past-due benefits awarded to Plaintiff. Accordingly, on its face, the agreement

is reasonable. Of further note, this Motion in fact requests fees below the 25 percent maximum allowable under § 406(b) and the agreement.[2] The Court must nevertheless conduct an inquiry into whether the requested fees are reasonable.

B. Reasonableness of the Fee Award

The administrative decision on remand resulted in an award of $207,111.00 in past-due benefits, and the Social Security Administration is currently withholding $51,777.75 of those benefits for possible payment to Mr. Sackett. See Ex. B to Mem. of P. & A. in Supp. of Application for Award of Att'y's Fees. Mr. Sackett requests $44,777.75 for his services in this action, to be offset by the $10,567.10 in EAJA fees previously awarded.

As an initial matter, the Court notes that fees awarded under both the EAJA and 42 U.S.C. § 406(b) do not constitute double recovery. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other

[2] $44,777.75 is approximately 21.6% of the past-due benefits awarded to Plaintiff.

grounds by Sorenson v. Mink, 239 F.3d 1140(9th Cir. 2001). This is because "[t]he award under § 406(b) of the Social Security Act merely allows the claimant's attorney to collect his or her fee out of the claimant's past-due disability benefits, while the EAJA award is paid by the government to the claimant to defray the cost of legal services." Id. (citation omitted). Consequently, dual fee awards are proper as long as Mr. Sackett gives the smaller of the two awards to his client to compensate Plaintiff for his litigation costs. Id.; Gisbrecht, 535 U.S. at 796 ("[A]n EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the ... EAJA award up to the point the claimant receives 100 percent of the past-due benefits." (alteration in original)). In the present case, Mr. Sackett properly seeks to offset the § 406(b) fee request with the EAJA award.

The Court shall now assess the reasonableness factors to determine whether an award of $44,777.75 is

proper.

1. Attorney’s Risk of Loss

Plaintiff argues that the risk of loss to Mr. Sackett in this case was great given the denial of Plaintiff’s claims at four levels, the complexity of the underlying record, and the fact that Mr. Sackett did not represent Plaintiff before the Agency. The Court agrees that Mr. Sackett assumed a substantial risk of loss by representing Plaintiff.

First, as a general principle, social security claimants “prevail only about thirty-five percent of the time.” Davis v. Astrue, 533 F. Supp. 2d 1212, 1219 (M.D. Fla. 2007) (citing Social Security Advisory Board, Disability Decision Making: Data and Materials (January 2001), at 86, available at <http://www.ssab.gov/Publications/Disability/chartbook B-pdf>); Faircloth v. Barnhart, 398 F. Supp. 2d 1169, 1173 (D.N.M. 2005) (“A report from the Social Security Advisory Board reveals that a mere 35% of claimants who file at the United States District Court level will obtain benefits.”).

Second, Plaintiff’s case involved a lengthy and complicated medical and vocational history and had already been denied at four levels by the time Mr. Sackett assumed representation. Furthermore, on February 9, 2002, the Appeals Council denied Plaintiff’s request for review of a Hearing Decision. Plaintiff had 65 days thereafter to commence a civil action, but did not do so until September 12, 2003. Taking these circumstances into consideration, the Court finds that Mr. Sackett’s risk of loss was great.

2. Character and Result of the Representation

It appears, based on the district court’s decisions here and the partial award of past-due benefits, that Mr. Sackett more than adequately represented Plaintiff and procured a favorable outcome. In this case, Plaintiff not only prevailed on a motion to dismiss, which the district court treated as a motion for summary judgment, but also obtained a ruling that reversed the administrative decision and remanded for further proceedings. But for Mr. Sackett’s representation, Plaintiff might not have ultimately

secured the $207,111.00 in past-due benefits awarded on remand.

Additionally, in reviewing Plaintiff's previous request for EAJA fees, the district court concluded that of the 109.55 total hours requested, Mr. Sackett reasonably expended 75.2 hours at an hourly rate of $140.52 over the course of the instant litigation. Having considered Plaintiff's successful outcome and the district court's determination as to the reasonableness of hours expended in litigating before this Court, there is no basis for reducing the fee requested herein for inadequate representation. But see Gisbrecht, 535 U.S. at 808 (citing Lewis v. Sec'y of Health and Human Servs., 707 F.2d 246, 249-50 (6th Cir. 1983) (instructing reduced fee when representation is substandard)).

3. Delays Attributable to the Attorney

Delays caused by counsel warrant a reduction in fees "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." Id. There is an absence of evidence

to suggest that Mr. Sackett has contributed to or caused any delays that might have occurred in this case. Therefore, the Court declines to recommend any reductions to the fee requested based on delay.

4. Hours Expended and Attorney's Normal Billing Rate

While the Court acknowledges that Gisbrecht rejected the lodestar method of calculating attorneys' fees in the context of § 406(b), the Gisbrecht Court specifically instructed that in order to aid courts in assessing the reasonableness of the fee yielded by the fee agreement, "the court may require the claimant's attorney to submit . . . a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases." Id. Mr. Sackett has provided such information for the Court's consideration.

As already discussed, and as noted by Mr. Sackett, the district court concluded that 75.2 hours were reasonably expended over the course of the instant litigation. When divided by the hours reasonably

expended, the amount requested by way of this Motion ($44,777.75) results in an effective hourly rate of $595.45. This falls within the range of effective hourly rates awarded by other courts and the Court cannot say that such an award would result in a windfall to Mr. Sackett. See, e.g., Hearn v. Barnhart, 262 F. Supp. 2d 1033 (N.D. Cal. 2003) (approving a de facto hourly rate of $450 for Mr. Sackett); Yarnevic v. Apfel, 359 F. Supp. 2d 1363, 1365-66 (N.D. Ga. 2005) (approving effective hourly rate of $643); Claypool v. Barnhart, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (approving effective hourly rate of $1,433); Brown v. Barnhart, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (approving effective hourly rate of $977); Martin v. Barnhart, 225 F. Supp. 2d 704 (W.D. Va. 2002) (approving effective rate of $605); Coppett v. Barnhart, 242 F. Supp. 2d 1380, 1385 (S.D. Ga. 2002) (approving effective hourly rate of $350.49).

Mr. Sackett represents that he ordinarily charges a non-contingent hourly rate of $350-$400 in social security cases. If the fees were calculated

using a lodestar approach, this would result in an award of $22,347.50-$25,540.00. However, this would not take into account the risk of loss inherent in a contingent-fee agreement. “Congress has indicated the permissibility, within limits, of rewarding attorneys for assuming the risk of going uncompensated for representing Social Security claimants.” Hearn, 262 F. Supp. 2d at 1037 (quoting Dodson v. Comm’r of Soc. Sec., 2002 WL 31927589, *2 (W.D. Va. 2002)). And, as demonstrated by the cases approving high effective rates resulting from contingency agreements, it is reasonable for effective hourly rates to exceed non-contingent rates, sometimes significantly so. To compensate for the attorney’s “risk of loss, Social Security attorneys need to charge a winning client 2.7 times the fee the attorney would have charged on a non-contingent basis (which the attorney is prohibited from doing under Title 42, U.S.C. § 406(b)(2)).” Davis, 533 F. Supp. 2d at 1219. Here, that would result in an hourly rate of $945-$1080. An effective hourly rate of $595.45 is well below the multiplied

non-contingent rate and justified in light of the risk of loss assumed by Mr. Sackett as well as his effective representation.

Also taken into consideration by the Court is Mr. Sackett's extensive experience in the social security arena. He has been practicing law for over 31 years and has practiced exclusively in social security law since 1980. In that time, he has represented over 5,000 claimants and has earned a reputation as an expert in the area of social security law. Hearn, 262 F. Supp. 2d at 1037. This experience and expertise likely contributed to Plaintiff's success in collecting past-due benefits in excess of $200,000.

5. Other Factors

Finally, the Court notes that there are three additional factors militating in favor of the requested award of fees. First, Plaintiff has submitted a declaration fully supporting Mr. Sackett's request. See Decl. of Mario Valenti. A plaintiff's consent is not one of the factors set forth in Gisbrecht, but demonstrates Plaintiff's satisfaction with Mr.

Sackett's representation. Claypool, 294 F. Supp. 2d at 833 ("Although the claimant's consent is not a consideration specifically included under the *Gisbrecht* method, the Court gives this indication some weight, for it clearly shows that the Plaintiff valued the services provided to him by his counsel and deems them worthy of the requested award."); Hearn, 262 F. Supp. 2d at 1038 (considering the declaration of the plaintiff stating that he concurred with the fee request and asking the court to approve the request in its entirety).

Second, the fee request represents only 21.6% of Plaintiff's past-due benefits, less than the 25 percent allowed by statute and the agreement. Id. (fee award to Mr. Sackett represented 18.2% of the plaintiff's past due benefits); Yarnevic, 359 F. Supp. 2d at 1366 (finding that a fee request representing only 18.8% of Plaintiff's past due benefit award was "reasonable given the nature and character of Plaintiff's counsel's representation in this case").

Third, Plaintiff will apparently receive an

additional $246,217.16 in benefits from the date of the favorable decision until he reaches retirement age. Hearn, 262 F. Supp. 2d at 1037 (taking into consideration the fact that the value of the case to the plaintiff was substantially more than the past-due benefits upon which the fee request was based because he would receive, in addition to the past-due benefits, ongoing Title II benefits until he died, reached retirement age, or became no longer disabled).

Based on these and the foregoing factors, the Court finds that the award requested is manifestly reasonable.

C. Total Award

The Court finds and recommends that Mr. Sackett be awarded $44,777.75. From this award, he shall pay Plaintiff $10,567.10 for the EAJA fees previously awarded, and end up with a net fee award of $34,210.65.

## CONCLUSION

In accordance with the foregoing, the Court HEREBY FINDS and RECOMMENDS that the district court GRANT Plaintiff's Motion for Award of Attorney's Fees,

filed October 23, 2008 and 1) award Mr. Sackett $44,777.75 and 2) order Mr. Sackett to reimburse Plaintiff $10,567.10 for the EAJA fees previously awarded.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, November 24, 2008.




Kevin S.C. Chang
United States Magistrate Judge

CV NO. 03-00485 ACK-KSC; VALENTI V. ASTRUE; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES BE GRANTED